# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
*Abingdon Division*

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>JAMES FREDERICK BYRD and )<br>BYRD BROTHERS, INC., )<br>      **Defendants** ) | **MEMORANDUM OPINION**<br>Criminal No. 1:07cr00005 |

This matter is before the undersigned on the motion of Byrd Brothers, Inc., ("Byrd Brothers"), to order the preservation and production of notes of the investigating government agents, (Docket Item No. 52), ("the Motion"). The Motion was heard before the undersigned on June 26, 2007.

The defendant Byrd Brothers argues that the government should be ordered to preserve and produce the original handwritten notes prepared by the investigating agents during interviews of any witnesses, the co-defendant or any agents of Byrd Brothers. Byrd Brothers argues that the government has an obligation to produce these notes pursuant to Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), or the court's previous discovery order. The government argues that the court has no authority to order production of the investigating officers' handwritten notes for any interview for which it has produced a written summary. Furthermore, the government has agreed

-1-

to provide the agents' handwritten notes for any interview for which it has not produced a written summary. A review of each of the purported sources of authority cited by Byrd Brothers reveals that none gives the court the authority to order the production of the handwritten notes of the investigating agents for interviews for which summaries have been provided.

Rule 16 requires the government to disclose the following statements to a criminal defendant:

1) The substance of any relevant oral statement made by the defendant in response to interrogation by a person the defendant knew was a government agent, if the government intends to use the statement at trial;
2) Any relevant written or recorded statement made by the defendant;
3) The portion of any written record containing the substance of any relevant oral statement made by the defendant in response to interrogation by a person the defendant knew was a government agent;
4) The defendant's recorded testimony before a grand jury relating to the charged offense.

*See* FED. R. CRIM. P. 16. If the defendant is an organization, the government also must disclose any of the statements listed above, if the government contends that the person making the statement was legally able to bind the defendant regarding the subject of the statement or the person making the statement was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct. *See* FED. R. CRIM. P. 16. Rule 16 further provides, however, that it "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or

prosecuting the case." FED. R. CRIM. P. 16(a)(2).

The Jencks Act provides that the court may, after a government witness has testified on direct examination, order production of any statement of the witness in the possession of the government which relates to the subject matter of the testimony of the witness. *See* 18 U.S.C.A. §3500(b) (West 2000). The Act defines "statement" to include:

1) Any written statement made by the witness and signed or otherwise adopted or approved by him;
2) Any recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement made by the witness and contemporaneously recorded; and
3) The witness's grand jury testimony.

*See* 18 U.S.C.A. §3500(e) (West 2000). Under *Brady*, 373 U.S. at 87, the government must produce any material evidence in its possession which is favorable to the defendant. On February 23, 2007, the court entered its standard discovery order recognizing the that United States Attorney's office in Abingdon generally complies with "open file" discovery, including production of the materials described in Rule 16(a)(1). (Docket Item No. 24.) The order further noted that, insofar as the government had an obligation to produce materials pursuant to *Brady*, 373 U.S. at 87, that obligation exists regardless of any specific direction of the court.

The Fourth Circuit has ruled that the Jencks Act does not require the production of agents' handwritten notes which were made in the course of

-3-

interviewing a witness and which were later incorporated into a formal summary report because such notes are not "statements" within the meaning of the act. *See United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). The Fourth Circuit also has ruled that production of an agent's formal report containing summaries of a defendant's statements complied with the government's obligations under Rule 16 and *Brady*. *See United States v. Crowell*, 586 F.2d 1020, 1029 (4th Cir. 1978). Regarding Byrd Brothers argument that production of the agents' handwritten notes are required by *Brady*, it is important to note that Byrd Brothers has proffered no evidence that the written summaries are inaccurate. *See Crowell*, 586 F.2d at 1029. Furthermore, the court's February 23, 2007, order imposed no additional production obligations. That being the case, the Motion will be denied.

ENTER: July 5, 2007.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-4-